Morgan Smith Executive Director Department of Local Affairs 1313 Sherman St., Room 518 Denver, CO 80203
Dear Mr. Smith:
This opinion is written in response to Paula Herzmark's January 25, 1982 request for an attorney general's opinion concerning whether a metropolitan district has implied or express authority to establish and maintain a security department.
QUESTION PRESENTED AND CONCLUSION
Does a metropolitan district have the express or implied authority to establish and maintain a security department?
 My conclusion is "no." A metropolitan district does not have the authority to establish and maintain a security department.
ANALYSIS
The specific and general powers of metropolitan districts are enumerated in C.R.S. 1973, 32-1-1001 and 32-1-1004 (Supp. 1981). Each metropolitan district must provide two or more of the following services:
1. Fire protection;
2. Elimination and control of mosquitoes;
3. Park and recreational facilities;
4. Safety protection through traffic and safety control devices on streets and highways and at railroad crossings;
5. Sanitation services;
6. Establishment and maintenance of television relay and translator facilities;
7. Transportation;
8. Water and sanitation services;
9. Water.
If a metropolitan district is providing fire protection, parks and recreation services, sanitation services, water services or water and sanitation services, the metropolitan district has the same duties, powers and authority as special districts whose only function is to provide one of those services. C.R.S. 1973, 32-1-1004. See C.R.S. 1973, 32-1-1002, 32-1-1005, 32-1-1006.
In addition to its specific powers, each metropolitan district shares common powers with other types of special districts. These powers include the power:
1. to enter into contracts and agreements affecting the affairs of the district;
2. to borrow money;
3. to acquire, dispose of and encumber real property;
4. to manage, control and supervise the district's business and affairs;
5. to hire, appoint and retain agents, employees, engineers and attorneys;
6. to fix charges for various services, programs and facilities;
7. to accept real and personal property, or other gifts.
C.R.S. 1973, 32-1-1001.
Thus, there is no explicit authority to establish a police department. C.R.S. 1973, 32-1-1001 through 32-1-1006. Of particular relevance to the question of whether there is implicit authority is C.R.S. 1973, 32-1-1001(1)(n) which states that each district has the power:
 to have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted to special districts by this article. Such specific powers shall not be considered as a limitation upon any power necessary or appropriate to carry out the purposes and intent of the article.
The purposes and intent of article 1 of Title 32 are unequivocally stated. The legislature revised Title 32, Article 1, to coordinate and limit the roles of local government in order to prevent "excessive diffusion of local tax services" and double taxation. C.R.S. 1973, 32-1-102.
Special districts are created to provide services which are not provided by other local governments. C.R.S. 1973, 32-1-102(1). The legislature recognized that special district jurisdictions overlap the jurisdictions of counties or municipalities. C.R.S. 1973, 32-1-107(1). Within its jurisdiction, each county has the constitutional and statutory duty to provide necessary police protection within its jurisdiction. Colo. Const. Article XIV, § 8; C.R.S. 1973, 30-10-501. Municipalities which have police departments also have the responsibility to provide a full range of police services. C.R.S. 1973, 31-4-112.
Given that the purpose of Title 32 is the limitation and coordination of special district, and that police services are provided by counties or municipalities within the jurisdiction of the special districts, I conclude, therefore, that no implicit authority exists for a metropolitan district to establish a security force.
SUMMARY
A metropolitan district has no explicit or implied authority to establish a security force.
Very truly yours,
 J.D. MacFARLANE Attorney General
SPECIAL DISTRICTS
C.R.S. 1973, 32-1-1001
C.R.S. 1973, 32-1-1002
C.R.S. 1973, 32-1-1003
C.R.S. 1973, 32-1-1004
C.R.S. 1973, 32-1-1005
C.R.S. 1973, 32-1-1006
AFFAIRS, LOCAL, DEPT. OF Criminal Justice, Div. of
A metropolitan district has no explicit or implied authority to establish a police force.